IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| ERIN R. MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. GLS-21-02643 |
| | ) |
| FREEDOM MORTGAGE CORP., *et al.,* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION**

Pending before this Court are the following: (1) a "Motion to Dismiss the Complaint with Prejudice" ("Motion to Dismiss") filed by Defendant Freedom Mortgage Corporation ("Defendant"), (*See* ECF No. 22); and (2) a "Response in Opposition to Defendant Freedom Mortgage Corporation's Motion to Dismiss" ("Opposition") filed by Plaintiff Erin R. Montgomery ("Plaintiff").[1] (*See* ECF No. 33). In her Opposition, Plaintiff asks the Court to deny the Defendant's request to dismiss the instant action with prejudice because she seeks to amend her Complaint and a remand of this action to state court. The Defendant has filed its reply. (ECF No. 34). The issues have been fully briefed, and no hearing is necessary. Local Rule 105.6 (D. Md. 2021).

For the reasons set forth below, Defendant's motion to dismiss for lack of subject matter jurisdiction is denied. In addition, Plaintiff's request to amend her Complaint to withdraw all

---

[1] Plaintiff states in her Complaint that she brings this action "on behalf of Roy Bostick" but does not clarify his role in the events underlying her claims. (ECF No. 2, "Complaint," pp. 1, 7; ¶¶ 80, 82). Defendant states in its Notice of Removal that Plaintiff appears to be the sole Plaintiff in this case, which is consistent with the docket in this case. (ECF No. 1 ¶ 2). The Court will refer only to Montgomery as the Plaintiff.

federal claims is granted. Because this Court declines to exercise supplemental jurisdiction over the remaining state law claims, the Court remands this case to the Circuit Court of Charles County, Maryland and declines to consider: (1) whether to permit Plaintiff to amend or withdraw her state law claims; or (2) Defendant's motion to dismiss for failure to state a claim.

**I.    BACKGROUND[2]**

**A. Factual and Procedural Background – State Courts**

On May 21, 2011, Plaintiff executed a promissory note and a Deed of Trust to secure a mortgage loan on her property located at 5489 Notched Beak Ct., Waldorf, Maryland, 20601 ("Notched Beak property"). (ECF No. 2, "Complaint" p. 4, ¶¶ 2, 3).[3]

On December 11, 2017, the law firm Buonassissi, Henning & Lash, P.C. ("BHLPC"), the substitute trustees appointed by Defendant, initiated a foreclosure action on the Notched Beak property in the Circuit Court of Charles County, Maryland ("Foreclosure Proceeding"). (Complaint, p. 4, ¶ 10; ECF No. 22-1, ¶ 2; ECF No. 22-6, pp. 1-4).

On April 13, 2018, Plaintiff filed a "Varified(sic) Complaint and Request for Preliminary Injunctive Relief, Counterclaim and Petition to Dismiss Void Judgement(sic), Judicial Notice and Demand of Specific Negative Averment" ("Verified Complaint"), in which she contested the foreclosure and sought to enjoin the proceeding. (ECF No. 22-7, pp. 1-15). The state court denied the Verified Complaint on May 7, 2018, construing it as a motion. (ECF No. 22-6, p. 6; ECF No. 22-8). On the docket sheet of the Foreclosure Proceeding, the case status is "Reopened," and the state court has not ratified the sale. (ECF No. 22-6, pp. 1, 10).

---

[2] A court may take judicial notice of public records, including recorded deeds and publicly-filed foreclosure papers. *See Phillips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).
[3] Although Plaintiff refers to the "May 21, 2011 negotiable promissory note and Deed of Trust," (Complaint, p. 4, ¶¶ 3, 4), she also states that the promissory note and Deed of Trust for the Notched Beak property were executed on June 30, 2011. (Complaint, p. 4, ¶¶ 2, 7, 15). This appears to be an error. The promissory note and Deed of Trust appended to Defendant's Motion to Dismiss reflect a date of May 21, 2011. (ECF Nos. 22-3, 22-4). No other facts articulated by either party suggest that two separate promissory notes and deeds of trust were executed.

On May 15, 2019, Plaintiff filed her first state court action ("Lawsuit One") in the District Court of Maryland for Charles County against Defendant and BHLPC. (ECF No. 22-9, p. 1). In Lawsuit One, Plaintiff alleged that she had paid her mortgage in full via a credit voucher. (*Id.*, pp. 1-2; ECF No. 22-10, pp. 1-3). The state court granted a motion to dismiss Lawsuit One on June 19, 2019. (ECF No. 22-11).

On September 30, 2019, Plaintiff filed her second state court action ("Lawsuit Two") in the same court against Defendant and BHLPC. (ECF No. 22-12, p. 1). In Lawsuit Two, Plaintiff appears to allege that: (1) she had paid her mortgage in full; (2) Defendant and BHLPC never responded to her correspondence, including a promissory note, affidavits, and letters; and (3) BHLPC did not follow "proper protocol" after Plaintiff attempted to satisfy her debt. (ECF No. 22-12, pp. 1-2). The state court granted a motion to dismiss Lawsuit Two on November 15, 2019. (ECF No. 22-13, p. 1).

On December 3, 2019, Plaintiff filed her third state court action ("Lawsuit Three") in the same court against the same defendants. (ECF No. 22-14, p. 1). In Lawsuit Three, Plaintiff alleged that she had paid her mortgage in full, and that Defendant had failed to set her mortgage balance to zero, leading to stress, anxiety and "possible securities fraud." (ECF No. 22-14, pp. 1-2). Plaintiff demanded that Freedom Mortgage and BHLPC must "cease and desist all current and future foreclosure actions and/or auction sale of property." (*Id.*). The state court granted a motion to dismiss Lawsuit Three on January 28, 2020. (ECF No. 22-15, p. 1).

On February 21, 2020, Plaintiff filed her fourth state court action ("Lawsuit Four") in the same court against Defendant, BHLPC, as well as Richard Lash and Robert Kelley, the individual attorneys from BHLPC. (ECF No. 22-16, p. 1). In Lawsuit Four, Plaintiff did not make any specific allegations but instead appended objections to the pending Foreclosure Proceeding, which she also

simultaneously filed in the Foreclosure Proceeding. (ECF No. 22-6, p. 8; ECF No. 22-16, pp. 5-9). The state court granted a motion to dismiss Lawsuit Four on April 9, 2020. (ECF No 22-17, p. 1).

**B. Procedural Background**

On September 1, 2021, Plaintiff filed this action in the Circuit Court of Charles County, Maryland against Defendants Freedom Mortgage, Government National Mortgage Association as Trustee for Ginnie Mae REMIC Trust 2011-086 ("Ginnie Mae"), and 100 unknown Defendants, which Plaintiff refers to as "Does 1-100 Inclusive."[4] (Complaint, ¶ 6). Specifically, Plaintiff's Complaint alleges the following federal and state law claims[5]:

| COUNT | CLAIM ASSERTED |
|---|---|
| I | Unjust enrichment (Md. law) |
| II | Violations of the Fair Credit Extension Uniformity Act, 73 Pa. Cons. Stat. §§ 2210.06-2270.1 (Pa. law) |
| III | Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p |
| IV | "Reasonable Reliance and Detrimental Reliance (sic)" (Md. law) |
| VI | "Slander of Title(sic)" (Md. law) |
| VII | "Fraud in the Concealment(sic)" (Md. law) |
| VIII | Fraud in the Inducement (Md. law) |
| IX | "Unconscionable Contract(sic)" (Md. law) |
| X | Breach of Contract (Md. law) |
| XI | Violations of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1461(g) |
| XII | "Violation of Federal Regulations, Regulation X, 12 C.F.R. § 1024.41(b)(2)(i)(A)" |
| XIII | Intentional and Negligent Infliction of Emotional Distress (Md. law) |
| XV | "Intentional Deprivation of Civil Rights under 42 U.S.C. § 1983 (sic)" |
| XVI | "Negligent Deprivation of Civil Rights under 42 U.S.C. § 1983(sic)" |

---

[4] Plaintiff has not amended her complaint to identify any of the unnamed Defendants.
[5] The Court has exercised best efforts in reading Plaintiff's Complaint, and notes that the Complaint does not have the following counts: Count V, Count XIV, and Count XIX.

| | |
|---|---|
| XVII | "Joint Action/Conspiracy to Violate Civil Rights under 42 U.S.C. § 1983(sic)" |
| XVIII | "Joint Action/Conspiracy to Violate Rights under 18 U.S.C. §§ 241, 242(sic)" |
| XX | Declaratory Relief |

On October 14, 2021, Defendant removed this matter to this federal court. (ECF No. 1).[6] On November 2, 2021, this matter was referred to the undersigned for all further proceedings, to which the parties consented.

Defendant filed its Motion to Dismiss on November 4, 2021, advancing challenges pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6). Plaintiff filed her Opposition on December 30, 2021, seeking leave to amend the Complaint and remand this case back to state court. Defendant filed its Response to Plaintiff's Opposition on January 1, 2022 ("Reply").

**C. Facts Alleged in Plaintiff's Complaint[7]**

Although hard to decipher from the Complaint, Plaintiff seems to assert that a legitimate dispute exists regarding the mortgage on her home. (*See, e.g.*, Complaint, ¶¶ 2, 68, 70). In particular, Plaintiff claims that since 2011, she and her family have had a "superior claim" to her home. (*Id.*, ¶ 3). In her Opposition, Plaintiff adds that Defendant has not shown any defect in the credit voucher through which Defendant had received and retained Plaintiff's full mortgage payment. (ECF No. 33, pp. 1, 2, 5).[8]

Plaintiff further contends that certain Assignments of the Deed of Trust are fraudulent for several reasons. First, a November 19, 2012 Assignment of the Deed of Trust to Mortgage

---

[6] In its removal documentation, the Defendant asserts its belief that Plaintiff has failed to serve Ginnie Mae, (ECF No. 1, p. 2), which is consistent with the docket sheet in this case.

[7] This Court assumes Plaintiff's version of facts to be true and construes the facts in the light most favorable to the non-moving party, Plaintiff. *Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019).

[8] Defendant asserts, without factual support, that Plaintiff is in default on her mortgage loan and has not satisfied the obligations under the Promissory Note and the Deed of Trust. (ECF No. 22-1, ¶ 17). According to Defendant, as a result, the substitute trustees initiated the foreclosure matter. (ECF No. 22-1, ¶ 2; ECF No. 22-6, pp. 1-10).

Investment Corporation was fraudulently notarized because the representative who executed the assignment did not have the legal authority to do so. (Complaint, p. 4, ¶¶ 13-14). Second, a November 29, 2017 Assignment of the Deed of Trust to Defendant was void because there was a break in the chain of title. (*Id.*, p. 4, ¶ 10-11; ¶ 37). Third, Plaintiff contends that Ginnie Mae unlawfully collected money by filing lawsuits after surrendering its right to do so by contract. (*Id.*, ¶¶ 42, 44). Finally, Plaintiff asserts that at various times between 2011 and the commencement of this suit in 2021, Ginnie Mae and Defendant both engaged in fraud, deceptive acts and practices, made material misrepresentations, concealed information, and took actions contrary to proper procedure. (*Id.*, p. 4 ¶ 7, ¶¶ 40, 51, 126, 132, 133, 134, 138, 140, 151, 163, 176, 191, 200, 211, 222). Thus, according to Plaintiff, she paid off her mortgage debt in full on January 29, 2018. (ECF No. 33, pp. 1-2; ECF No. 22-10, pp. 1-2). Accordingly: (1) any attempt to foreclose on the Notched Beak property is unlawful; and (2) as a victim of this fraud, Plaintiff is entitled to monetary and injunctive relief. (Complaint, ¶¶ 1-228).

## II.   STANDARDS OF REVIEW

### A.  Rule 12(b)(1) Motion to Dismiss

A defendant who challenges federal subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is arguing that the allegations set forth in a complaint are insufficient to confer jurisdiction upon a federal court. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Thus, when evaluating a Rule 12(b)(1) challenge, a court must accept as true all of the factual allegations contained in a complaint, and if the complaint alleges sufficient facts to invoke subject matter jurisdiction, then the complaint will not be dismissed. (*Id.)*.

### B. Rule 12(b)(6) Motion to Dismiss

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is asserting that, even if a court construes the facts advanced in the Plaintiff's complaint as true, that complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must provide a defendant with "fair notice of what the claim is and the grounds upon which it rests." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (citing *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). In other words, a complaint must contain sufficient facts and must state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action"). A claim has "facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When resolving a 12(b)(6) motion, a court accepts as true the well-pleaded allegations in a complaint. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021). Furthermore, a court "does not resolve contests surrounding the facts [or] the merits of a claim." *Ray*, 948 F.3d at 226 (citation omitted).

### C. Motion to Amend

A motion for leave to amend a pleading is governed by Fed. R. Civ. P. 15. Pursuant to Rule 15(a)(1), a party may amend her pleading once as a matter of course, so long as it is done within twenty-one days after serving the pleading, or twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other cases, a party may amend [her] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

**D. Motion to Remand**

Pursuant to 28 U.S.C. § 1447(c), a party requesting to remand the case based on "any defect other than lack of subject matter jurisdiction" must file a motion within thirty days of removal. The Fourth Circuit has defined the word "defect" as a "failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441-1453." *In re Norfolk Southern Ry. Co.*, 756 F.3d 282, 292 (4th Cir. 2014). Alternatively, a court may remand for lack of subject matter jurisdiction "at any time before final judgment." (*Id.*).

In its discretion, a court may decline to exercise supplemental jurisdiction where:

> (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (2018). In addition, a court should exercise its discretion to serve "the principles of economy, convenience, fairness, and comity." *Carnegie-Mellon University v. Cohill, Jr.*, 484 U.S. 343, 357 (1988). A court should evaluate the "balance of these factors" when deciding whether to exercise supplemental jurisdiction. *Id.* at 350-51, 357. If a court declines to exercise supplemental jurisdiction over a case removed from state court, then the court has "inherent power to . . . remand." *Hinson v. Norwest Fin. South Carolina, Inc.*, 239 F.3d 611, 617 (4th Cir. 2001).

**III. DISCUSSION**

Defendant requests that this Court dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because: (1) the *Rooker-Feldman* doctrine prohibits the Court from exercising subject matter jurisdiction; and (2) matters related to the foreclosure of the Notched Beak property are properly heard in Maryland state court. (ECF No. 22-1, pp. 6-8; ECF No. 34, pp. 1, 2).

In addition, Defendant asserts that the case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because: (1) collateral estoppel warrants dismissal of all of Plaintiff's claims; (2) the Fair Credit Extension Uniformity Act ("FCEUA") is a Pennsylvania statute and is thus inapplicable in this case;[9] and (3) Plaintiff has failed to state claims in Counts I, II, III, IV, VI, VII, VIII, IX, X, XI, XII, and XIII, and further cannot recover punitive damages. (ECF No. 22-1, pp. 9-25).

Plaintiff counters that: (1) the *Rooker-Feldman* doctrine does not prohibit the Court from exercising subject matter jurisdiction; (2) the collateral estoppel doctrine does not apply in this case; and (3) as set forth more fully below, the Court should not dismiss her case before giving her a chance to amend her Complaint. (ECF No. 33, pp. 3-10).

### A. Rule 12(b)(1) Motion to Dismiss

The *Rooker-Feldman* doctrine is a jurisdictional rule that prevents a federal court from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced[.]" *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Put another way, a federal court does not have subject matter jurisdiction to hear claims that require the federal court to "conduct an appellate review of the state-court decision." *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (citation omitted). The *Rooker-Feldman* doctrine does not apply where the state court action in question is still pending at the time that the action in federal court commences. *Exxon*, 544 U.S. at 292; *see Kimble v. Greenpoint Mortg.*, 128 F. App'x 984, 986 (4th Cir. 2005) (pending foreclosure

---

[9] The Court agrees that the Fair Credit Extension Uniformity Act is a Pennsylvania Statute. Plaintiff has made no argument as to why the Court has subject matter jurisdiction to entertain the Act under 28 U.S.C. §§ 1331, 1367. Accordingly, Count II will be dismissed.

proceeding in state court did not deprive federal court of jurisdiction pursuant to the *Rooker-Feldman* doctrine).

Under Maryland law, a foreclosure action is not concluded until the state court has issued its final judgment through an order ratifying the foreclosure sale. *Huertas v. Ward*, 248 Md. App. 187, 205-206 (Md. Ct. Spec. App. 2020); *see Smith v. Taylor*, 285 Md. 143, 145-47 (1979) (where court in foreclosure action refused to ratify sale, no final judgment existed and there was no basis for appellate review). An order denying injunctive relief from a foreclosure before the ratification of the sale is an interlocutory, non-final order. *See Fishman v. Murphy ex rel. Est. of Urb.*, 433 Md. 534, 540 n.2, 72 A.3d 185, 188 n.2 (2013) (order denying injunctive relief from foreclosure proceeding was appealable interlocutory order).

In this case, Defendant argues that the Foreclosure Proceeding "was instituted and decided in the state court prior to Plaintiff filing this lawsuit" because the state court denied Plaintiff's Verified Complaint, which the state court appears to have to construed as a motion to enjoin the foreclosure. (ECF No. 22-1, pp. 7-8; ECF No. 22-8). However, this denial is merely an interlocutory order and does not constitute a final judgment. *See Fishman*, 433 Md. at 540 n.2, 72 A.3d at 188 n.2. Upon review of the Foreclosure Proceeding docket sheet, the state court has not yet ratified the sale of the Notched Beak property, and the case status is set as "Reopened." (ECF No. 22-6, pp. 1, 10). Accordingly, the Foreclosure Proceeding is still pending in state court, and the *Rooker-Feldman* doctrine does not apply to prevent this Court from exercising its jurisdiction. *See Kimble*, 128 F. App'x at 986.

Defendant also asserts that matters concerning the pending Foreclosure Proceeding are more appropriately heard in state court. (ECF No. 22-1, pp. 7-8). *See also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (federal court cannot exercise jurisdiction over

property subject to a pending state proceeding); *Davenport v. White*, Civ. No. TDC-16-0785, 2016 WL 1718228, at *1-2 (D. Md. Apr. 28, 2016) (where plaintiffs requested that the court "stop the eviction" related to the underlying foreclosure proceeding, *Princess Lida* doctrine warranted dismissal).

The Court agrees that the state law claim, Count IV, is more appropriately heard in state court because Plaintiff seeks equitable relief related to the pending Foreclosure Proceeding in state court. With respect to Plaintiff's state law claims seeking economic relief, as set forth more fully below, the court declines to exercise supplemental jurisdiction.

### B. Motion to Amend

Plaintiff requests that this Court permit her to: (1) withdraw all of her federal claims; and (2) withdraw or amend her remaining state law claims. (ECF No. 33, pp. 9, 10).[10] Defendant makes no argument in its Reply related to Plaintiff's request to amend her Complaint. (ECF No. 34). However, in its Motion to Dismiss, Defendant preemptively argues that any amendment would be futile because: (1) Plaintiff's Complaint fails to state a claim; (2) the statute of limitations bars this action; and (3) the doctrine of *res judicata* bars this action. (ECF No. 22-1, p. 25). For the reasons set forth below, the Court grants Plaintiff's request to withdraw all her federal claims and declines to consider whether to permit her to withdraw or amend her state law claims.

As a preliminary matter, the Court liberally construes Plaintiff's request to withdraw her federal claims as a request to amend her Complaint. *See Elat v. Ngoubene*, 993 F. Supp. 2d 497, 519 (D. Md. 2014) (plaintiff's opposition to a dispositive motion construed as a motion to amend, where the plaintiff abandoned certain counts of her complaint); *see also Skinner v. First. Am. Bank*

---

[10] Plaintiff expressly seeks to withdraw Counts II, III, IX, XI, XII, and XIII, and re-plead Counts I, IV, VI, VII, VIII, and X. (ECF No. 33, pp. 7, 8, 9). In her Opposition, Plaintiff does not mention Counts XV, XVI, XVII, XVIII, and XX. (ECF No. 33).

*Va.*, 1995 WL 507264, at *1-2 (4th Cir. 1995) (Rule 15 is the mechanism for a plaintiff to dismiss some but not all of her claims). Because Plaintiff states that she wants to withdraw "all of her federal claims," the Court construes this request to also include the federal claims that Plaintiff does not expressly mention in her Opposition, including a Declaratory Judgment claim. (ECF No. 33, pp. 7, 8, 9, 10). Accordingly, the Court considers whether Plaintiff may withdraw Counts III, XI, XII, XV, XVI, XVII, XVIII, and XX.

Plaintiff filed her Opposition on December 29, 2021, more than twenty-one days after Defendant's Motion to Dismiss was filed on November 4, 2021. (ECF Nos. 22, 33). Therefore, Plaintiff requires the Court's leave to amend her Complaint. Fed. R. Civ. P. 15(a)(2).

Although a court should grant leave to amend when justice so requires, a court should not automatically do so. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should deny leave to amend a pleading where prejudice, bad faith, or futility exists. *LifeWise Family Fin. Sec. v. Holden (In re Triangle Capital Corp. Sec. Litig.)*, 988 F.3d 743, 750 (4th Cir. 2021).

To establish prejudice, a party must show that a proposed amendment requires "additional discovery and analysis" to address events not previously part of the case. *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647 (D. Md. 2015) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). Defendant has not argued that it would face any prejudice were Plaintiff permitted to amend the Complaint. Accordingly, the Court finds that allowing Plaintiff to withdraw her federal claims will not create the need for additional discovery or otherwise prejudice the Defendant.

With regard to bad faith, absent any evidence suggesting "ill motive," a plaintiff's request to withdraw claims is not made in bad faith, even if it destroys federal jurisdiction. *See Shilling v. Nw. Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 519 (D. Md. 2006) (no bad faith where plaintiff sought

to amend complaint by withdrawing federal claims, which eliminated federal jurisdiction); *see also Flora v. Everest Wealth Mgmt., Inc.*, Civ. No. ELH-17-1621, 2017 WL 4280744, at *3 (D. Md. Sept. 26, 2017) (same); *Verbal v. Giant of Maryland, LLC*, 204 F. Supp. 3d 837, 841 (D. Md. 2016) (same). Defendant has not argued that Plaintiff sought to amend her Complaint in bad faith. In addition, there is no evidence to suggest that Plaintiff had "ill motive" in requesting to withdraw her federal claims. *Shilling*, 423 F. Supp. 2d at 519. Accordingly, the Court finds that Plaintiff has not acted in bad faith.

With regard to futility, amendment is not futile if it "paves the way" for this Court to remand this matter, as set forth more fully below. (*Id.*)

Accordingly, this Court grants Plaintiff leave to amend her Complaint to withdraw all of her federal claims, namely Counts III, XI, XII, XV, XVI, XVII, XVIII, and XX. This Court declines to consider whether to grant Plaintiff leave to amend or withdraw her state law claims because, as set forth more fully below, this Court remands the case to state court, where Plaintiff may decide to seek to amend or withdraw her state law claims.

**C. Motion to Remand**

Plaintiff in her Opposition requests that this Court remand the case to state court because: (1) Defendant improperly removed the case; and (2) there is no subject matter jurisdiction following the withdrawal of her federal claims. Defendant makes no argument in response to Plaintiff's request to remand the case. (ECF No. 34). For the reasons set forth below, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and remands this case to state court.

Plaintiff first contends that the Defendant improperly "removed the case to this Court solely to get the case dismissed," and appears to argue that Defendant removed the case in bad faith. Even

if this Court could construe Defendant's motivations as a defect in removal, Plaintiff filed her Opposition on December 30, 2021, more than thirty days after Defendant filed its notice of removal on October 14, 2021. (ECF Nos. 1, 33). Accordingly, this Court may only consider a lack of subject matter jurisdiction to determine whether to remand this case. 28 U.S.C. § 1447(c).

Because Plaintiff has withdrawn all her federal claims, this Court has dismissed all claims over which it had original jurisdiction. *See* 28 U.S.C. §§ 1367(c)(3). Therefore, to determine whether to exercise supplemental jurisdiction over the remaining state law claims, the Court turns to the four factors set forth in *Carnegie-Mellon, supra*: judicial economy, convenience, fairness, and comity. Defendant has made no argument concerning these factors in opposition to Plaintiff's pleading, despite having the opportunity to do so in its Reply. (ECF Nos. 22, 34). In addition, this Court finds that the factors weigh toward remand.

"Judicial economy" refers to the most efficient use of resources in the litigation of a case. *Moffitt v. Residential Funding Co.*, 604 F.3d 156, 160 (4th Cir. 2010). If a defendant will likely remove a case back to federal court after remand, then judicial economy weighs against remanding a case to state court. *Id.* In this case, judicial economy weighs toward remand, because absent a basis for original jurisdiction, it is "not likely that this case will return to federal court." *Flora*, 2017 WL 4280744, at *6 (citing *Moffitt*, 604 F.3d at 160).

The factor of convenience weighs against remand if litigation in state court would logistically burden the parties, or if the parties have expended significant resources in federal court. *See Shilling*, 423 F. Supp. 2d at 520-21; *Flora*, 2017 WL 4280744 at *6. In this case, Defendant has not argued that litigating in state court would inconvenience the parties, or that the parties have expended significant resources in federal court. In fact, Defendant has argued that this matter belongs in state court. (ECF No. 22-1, pp. 7-8). As a result, convenience weighs toward remand.

Next, remand is not "fair" if it substantively or procedurally prejudices the parties. *Flora*, 2017 WL 4280744 at *7. However, if remand offers the parties "a surer-footed reading of applicable law" because of a state court's greater familiarity with state law, then fairness weighs in favor of remand. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Plaintiff's remaining claims arise under Maryland state law, which Maryland courts are "obviously well equipped" to address. *Tolliver v. Tandium Corp.*, Civ. No. ELH-21-1441, 2022 WL 80587, at *4 (D. Md. Jan. 7, 2022). Accordingly, consideration of the fairness factor weighs toward remand.

Finally, remand is appropriate pursuant to the principle of comity where only state law claims remain because "[n]eedless decisions of state law should be avoided." *United Mine Workers*, 383 U.S. at 726. Because all of Plaintiff's remaining claims are state law claims, this factor weighs toward remand.

In sum, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

As the Court remands this case back to the Circuit Court of Charles County, Maryland, the Court declines to address Defendant's Rule 12(b)(6) dismissal arguments.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss based on Rule 12(b)(1) is denied. Plaintiff's request to amend her Complaint to withdraw all federal claims is granted. The Court remands this case to the Circuit Court of Charles County, Maryland.

A separate Order will follow.

Date: August 5, 2022                                          _____/s/_____
                                                                       The Honorable Gina L. Simms
                                                                       United States Magistrate Judge